# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| DELMA COWART, Individually and d/b/a STRUCTURES UNLIMITED,<br><br>Plaintiff<br><br>v.<br><br>NAUTILUS INSURANCE COMPANY and AUDREY MANES,<br><br>Defendants. | CIVIL ACTION FILE NO.<br>4:17-CV-00142-LGW-GRS |

## PLAINTIFF'S ANSWERS TO DEFENDANT NAUTILUS INSURANCE COMPANY'S FIRST INTERROGATORIES TO PLAINTIFF

COMES NOW Plaintiff and answers Defendant Nautilus Insurance Company's First Interrogatories to Plaintiff, as follows:

1. Describe in detail each and every damage, cost, or expense that Plaintiff contends Plaintiff incurred or will incur as a result or consequence of the alleged unlawful acts of Nautilus, said description to include, but not to be limited to, a full explanation of how each such damage, cost, or expense was incurred or will be incurred and the amount of each such damage, cost, or expense.

**ANSWER: To date, the Plaintiff has incurred attorney's fees and expenses of litigation in the amount of $6,922.90 relative to the instant matter. This amount is subject to adjustments for time and expenses incurred after December 7, 2017.**

2. Please state the amount of attorney's fees and expenses that Plaintiff contends he has incurred through the date of Plaintiff's response to this interrogatory in defending against the claims asserted against Plaintiff in <u>Audrey Manes v. Delma Cowart, individually and d/b/a Structures Unlimited,</u> Civil Action No. CV16-0077- BA (Superior Court of Chatham County) (hereinafter referred to as "the underlying lawsuit").

**ANSWER: To date, the Plaintiff has incurred attorney's fees and expenses of litigation in the amount of $6,552.12 relative to the underlying suit. This amount is subject to adjustments for time and expenses incurred after December 7, 2017.**

3. Identify any person with whom Plaintiff or Plaintiff's representative had contact regarding the things and matters referred to in Plaintiff's Complaint and describe fully the names of the individuals involved in the communication, the time and date of the communication, the substance of all information or knowledge

concerning the communication, and whether any such person gave a written statement or account.

ANSWER: Plaintiff cannot remember all the persons that he had contact with regarding this matter. Furthermore, the Plaintiff has had cancer of the throat with 35 radiation treatments since the events in question as well as a heart attack. He also has a mild case of dementia.

In addition to the responses to Interrogatory Number 16, Kim Mercer had two telephone conversations with a representative of Nautilus Insurance Company who apparently was assigned to investigate the claim for Nautilus. His phone number was 843-343-3497. He called once to find out the location of Audrey Manes home so he could inspect the swimming pool. He called back to advise Kim Mercer that he didn't see anything wrong with the pool.

Plaintiff also had contact with representatives of Nautilus Insurance Company via letters from Nansi Powers dated October 12, 2015 and November 12, 2015, Nanci Ross on December 8, 2015, and Jeane Spaniel on February 4, 2016. Counsel for Plaintiff sent a letter to Nautilus Insurance Company on March 2, 2016 care of Jeannie Spaniel. The

**response to that letter was received on March 31, 2016 from Katherine Karam Quirk of Phelps and Dunbar.**

**Plaintiff's counsel, of course, has had communication with defense counsel in regard to litigation.**

4.  If Plaintiff has ever been arrested or convicted of any crime (other than a traffic offense), please identify each crime, the date of arrest, arresting authority, the court in which any criminal proceeding against Plaintiff was held, and the disposition of each charge.

**ANSWER:** N/A

5.  If Plaintiff or any member of Plaintiff's immediate family has ever been party to any legal proceeding, including any type of bankruptcy, please identify the name of the family member involved and their relation to Plaintiff, the role Plaintiff or Plaintiffs family member had in the litigation (e.g., Plaintiff, Defendant, etc.), the nature of the claim or claims at issue, the court in which such action was filed, and the final disposition of any such claim. The answer to this interrogatory also shall include, but not be limited to, divorce proceedings, personal injury claims, and workers compensation claims.

**ANSWER:** **None other than the underlying state court action wherein Audrey Manes filed suit against Delma Cowart.**

6. Do you have any photographs, audio recordings, video recordings, or other electronic recordings of (1) Nautilus or any of Nautilus's agents, representatives or employees; or (2) Defendant Manes or any of Defendant Manes' agents or representatives that you contend are relevant to any issue of liability or damages in this action? If so, please identify each and every photograph or recording by describing the persons involved, the subject matter depicted, and the method of recording.

**ANSWER:** **Plaintiff has no audio or video electronic recordings of the representative or employee of Nautilus Insurance Company or Defendant Manes. Plaintiff has photographs of the subject swimming pool. The pictures appear to contain images of individuals, but Plaintiff cannot name those individuals. These photographs are included in the documents produced by Plaintiff Cowart in the underlying state court action. They have also been provided to counsel for Nautilus via email.**

7. Have you kept any notes or a calendar or diary of any events that are alleged in the Complaint or the events that are alleged in the underlying

lawsuit? If so, please identify the notes, calendar, and/or diary by describing the subject matter depicted and any individuals who are identified therein.

**ANSWER:** No.

8. Describe in detail all facts and circumstances, and identify any individuals with knowledge thereof, supporting, relating to or contradicting the allegations in Plaintiffs allegations in paragraph 13 of the Complaint that Nautilus's refusal to defend him in the underlying lawsuit is a breach of contract, and that the insurance policy in question obligated Nautilus to defend the claims asserted against him in the underlying lawsuit; and

**ANSWER: Plaintiff tendered a defense to the claim of Audrey Manes and the resulting lawsuit to Nautilus Insurance Company. Individuals with knowledge of this would be Charles Loncon, Helen Bacon, Ashley Odom, Nansi Powers Ross, Jeannea Spaniel, and Katherine Karam Quirk of Phelps and Dunbar.**

**Nautilus Insurance Company refused to defend the same on the grounds that the items complained of by the Plaintiff Manes were the work product of the insured or there was no property damage resulting from the acts of the insured, Delma Cowart.**

Pre-termitting the issue of whether or not work product is an issue, Plaintiff Manes' complaint clearly claims negligence by Defendant Cowart in that he failed to get a building permit. Plaintiff's complaint goes to great lengths to explain the problems caused by the failure of Defendant Cowart to obtain a building permit, including but not limited to an inability to use the work provided by Defendant Cowart because no inspections were done. The letter from John Kern the engineer effectively eliminates any possibility of continuing with the project because no engineer could certify that the concrete shell of the pool had been built according to code. This effectively eliminated the possibility of having anybody else finish the pool using the existing shell. Therefore, according to Plaintiff Manes' complaint, the shell had to be removed. Defendant Manes paid $40,000.00 for this work that, according to her, had to be destroyed. Therefore, constituting property damage. In addition thereto, Audrey Maines testified to other property damage in her deposition.

9.   Describe in detail all facts and circumstances, and identify any individuals with knowledge thereof, supporting, relating to or contradicting the allegations in paragraph 14 of the Complaint that Nautilus's refusal to provide a

defense or indemnity to him in the underlying lawsuit shows bad faith in the transaction, has caused Plaintiff much unnecessary trouble and expense, and shows stubborn litigiousness.

**ANSWER:** **Defendant Nautilus Insurance Company had a duty to defend the claim made by the Defendant Audrey Manes in the State Court action. They issued Defendant Cowart an insurance policy and received premiums from Defendant Cowart. Several times Cowart tendered the defense of the claim and then defense of the lawsuit to Nautilus Insurance Company. Nautilus Insurance Company refused to defend the claim and indemnify their insured, Delma Cowart. Persons with knowledge of these facts would be the Plaintiff Delma Cowart, his wife, Kim Cowart, Charles Loncon, Dwight Feemster, Ashley Odom, Nanci Powers Ross, Jeannie Spaniel and Katherine Quirk.**

**See also the contents of the Complaint filed by Audrey Manes in the State Court Action. The insurance policy indicates coverage was due to Plaintiff Cowart.**

10. Have any individuals, including but not limited to current and former employees or agents of Nautilus, provided you with any information or

evidence relevant to the issues of liability or damages in this case? If so, identify each and every individual who has provided you such information or evidence, and describe the nature of the information or evidence provided.

**ANSWER: The former employees or agents of Nautilus Insurance Company that would be responsive to this interrogatory would be those who evaluated the claim submitted to them, and those who signed or evaluated the claim. This would include Nanci Powers Ross, Jeanne Spaniel and Katherine Quirk. Plaintiff Cowart is not aware of the current relationship between these individuals and Nautilus Insurance Company. Also, attorneys for the Plaintiff to wit:  Dwight Feemster and Ashley Odom.**

11.   Describe with reasonable particularity all documents relevant to the issues in this lawsuit that relate to Plaintiff's contentions that have not already been identified, and give the name and address of the person or persons having possession, custody or control of each thing.

**ANSWER:   Plaintiff Cowart is not aware of any "contentions" that have not already been identified.**

12. Describe the fee arrangement between Plaintiff and Plaintiff's attorney and state the amount of attorney's fees and expenses incurred by Plaintiff to the date of the responses to these interrogatories in connection with the defense of Plaintiff in the underlying lawsuit, and identify all documents that refer, relate to or pertain to such agreements, fees and/or expenses. The answer to this interrogatory should include, but not be limited to, the attorney performing the work, the amount of hours expended and the hourly rate for each attorney.

**ANSWER:** **The fee arrangement between the Plaintiff and his attorneys is an hourly rate. The rates are as follows:**

| | |
|---|---|
| **Dwight Feemster:** | **$ 250.00/hr** |
| **Cameron Kuhlman:** | **$ 165.00/hr** |
| **Ashley Odom:** | **$ 135.00/hr** |
| **Paralegal:** | **$ 35.00/hr** |

**The invoices from the firm of Duffy & Feemster, LLC to Plaintiff Cowart in the underlying suit described work being done and the time expended in the charge for that service. To December 7, 2017, that amount is $6,552.12.**

13. Describe the fee arrangement between Plaintiff and Plaintiff's attorney and state the amount of attorney's fees and expenses incurred by Plaintiff to the date of the responses to these interrogatories in connection with Plaintiff's pursuit of all claims against Defendants in this case and identify all documents that refer, relate to or pertain to such agreements, fees and/or expenses. The answer to this interrogatory should include, but not be limited to, the attorney performing the work, the amount of hours expended and the hourly rate for each attorney.

**ANSWER: The fee arrangement between the Plaintiff and his attorneys is an hourly rate. The rates are as follows:**

| | |
|---|---|
| **Dwight Feemster:** | **$ 250.00/hr** |
| **Cameron Kuhlman:** | **$ 165.00/hr** |
| **Ashley Odom:** | **$ 135.00/hr** |
| **Paralegal:** | **$ 35.00/hr** |

**The invoices from the firm of Duffy & Feemster, LLC to the Plaintiff describe work being done and the time expended in the charge for that service. To December 7, 2017, that amount is $6,922.90.**

14. Identify the name, address, and telephone number of each individual likely to have information regarding the allegations in Plaintiffs Complaint and

Plaintiffs claim for damages and describe fully the information each individual is likely to possess.

**ANSWER: Audrey Manes, 103 Riverview Rd., Savannah, GA 31410. Telephone number unknown, but she can be contacted through her attorney of record.**

**Delma Cowart**

**Kim Mercer Cowart**

**Charles Loncon**

**Vera Lamb**

**Richard Weeks**

**Also, see answer the Plaintiff's Interrogatories Number 1, 4 and 5 in the underlying State Court Action.**

15. For any document or thing which you would produce in response to Nautilus's First Request for Production of Documents, but which you will not produce because you claim the document or thing is privileged, identify:

(a) each document or thing that is allegedly privileged;

(b) the location of each document or thing;

(c) the name, address, and telephone numbers of the custodian of each document or thing;

(d) the privilege asserted for each document or thing not produced; and

(e) the facts that allegedly give rise to the privilege.

**ANSWER:** **Plaintiff is not aware of any such documents.**

16. Identify and describe each communication, or attempted communication, between Plaintiff and Defendant Manes, or any third person, which was made in connection with the construction of a pool for Defendant Manes, by stating the following:

(a) the name and alias of the individual initiating the communication;

(b) the name of the person and/or description of the person to whom the communication was directed;

(c) the date and time of the communication;

(d) the method of the communication (such as, letter, phone call, e-mail, text message, in-person);

(e) a detailed description of the substance of the communication, (do not simply refer to collection notes);

(f) identification of all witnesses to or participants in the communication; and,

(g) any actions taken by Plaintiff, Defendant Manes or any third person as a result of the communication.

**ANSWER:      Plaintiff Cowart cannot remember all the details of each and every conversation between himself and Mrs. Manes. However, in addition to previous answers to these interrogatories, to the best of Plaintiff's knowledge and information, the following is a summary of the significant and important communications between Delma Cowart, Mrs. Manes and others:**

**On or about June 15, 2015, Audrey Maines called the residence of Delma Cowart looking for Mr. Cowart. That telephone call was answered by Kim Mercer, who is now Kim Mercer Cowart, wife of the Plaintiff, Delma Cowart. Mrs. Manes advised Mrs. Mercer that someone had referred her to Mr. Cowart to build a swimming pool for her. Mrs. Manes advised Mrs. Mercer that she was looking for Mr. Cowart to build a swimming pool for her and she was in a hurry to do so, so that she could enjoy the swimming pool with her grandchildren that summer.**

Mrs. Manes asked if Mr. Cowart would come see her house and yard that afternoon. Mr. Cowart did go to Mrs. Manes residence that afternoon. Mr. Cowart drove Mrs. Manes around the Savannah, Georgia area so that he could show her examples of his work in building swimming pools. They discussed the fact that she was in a hurry to get the pool built. Plaintiff Cowart advised Mrs. Manes that he could build a pool for her, but that if she wanted a building permit it will slow the process as much as two weeks. Mrs. Manes did not want to wait that long to get started, so they agreed that no application for building permit would be made. Mr. Cowart also advised Mrs. Manes that a home such as hers, which is not in a crowded area, would more than likely not have any problems with the building inspectors.

Within a couple days of that conversation, Plaintiff Cowart and Defendant Manes discussed the location of the pool in the back yard. They also discussed, in general terms, the location of the hot tub which would be near the pool. Mr. Cowart subsequently staked out the diagram of the pool and began to dig a hole in which the pool would be built.

Mr. Cowart was almost finished digging the hole for the pool when Defendant Manes decided she did not like the location of the pool and at the request of Mrs. Manes, Mr. Cowart redug the hole. Mr. Cowart proceeded to build the pool. Sometime during the process of building the pool, Defendant Manes did express that she did not like the location of the pool pump under her window and Plaintiff Cowart, at Mrs. Manes' request, moved the location of the pool pump.

During the building of the pool, Plaintiff Cowart took all necessary steps to build the pool in conformity with accepted industry standards, including metal rebar, grounding the pool, and location of the lights.

The pool was then sprayed with concrete, which left a rough surface around the shell of the pool. The rough surface needed to be there so that the plaster could adhere to the rough exterior of the shell.

After the pool was sprayed with concrete the pool begin to take shape. Before Plaintiff Cowart finished the pool, Defendant Manes called him and advised him that she did not wish him to do any further work on the pool. Defendant Manes said he (Cowart) did not know what he was doing and it was unsafe. As a result of that communication, Plaintiff

Cowart removed his equipment from the yard of Mrs. Manes. He may have had a conversation with her asking her if she was sure she didn't want him to finish the pool. Since that date, there has been no communication directly between the parties. At some date thereafter, the Plaintiff and others (Mercer, Loncon, Lamb and Weeks) went to photograph and inspect the pool.

17. Please state the amount paid by Defendant Manes to Plaintiff for Plaintiff to construct a pool for Defendant Manes.

**ANSWER:** To date, Audrey Manes has paid Plaintiff Cowart $40,000.

18. Please state the terms of any contract or agreement entered into between Plaintiff and Defendant Manes for the construction of a pool for Defendant Manes.

**ANSWER:** Plaintiff Cowart was to build a swimming pool behind the residence of Audrey Manes at 103 Riverview Rd. for cost of between $60,000.00 and $90,000.00.

This __8__ day of __December__, 2017.

                              **DUFFY & FEEMSTER, LLC**

                              _/s/ Dwight T. Feemster_
                              DWIGHT T. FEEMSTER
                              Georgia State Bar No. 257253
                              ASHLEY E. ODOM
                              Georgia State Bar No. 376093
                              CAMERON C. KUHLMAN
                              Georgia State Bar No. 596159

P.O. Box 10144                          *Attorneys for Plaintiff*
Savannah, GA 31412
Phone: (912) 236-6311
Fax: (912) 236-6423
Dwight@duffyfeemster.com
CCK@duffyfeemster.com

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| DELMA COWART, individually and d/b/a STRUCTURES UNLIMITED )<br><br>Plaintiff-Petitioner,<br><br>v.<br><br>NAUTILUS INSURANCE CO., et al.,<br><br>Defendant-Respondent. | )<br>)<br>)<br>)<br>)  C/A No. 4:17-cv-142-LGW-GRS<br>)<br>)<br>)<br>)<br>) |

## VERIFICATION

PERSONNALLY APPEARED before me, DELMA COWART, who being duly sworn, deposes and says that Plaintiff's Answer to Defendant's First Interrogatories is true and correct, to the best of his knowledge, information and belief.

_____
DELMA COWART

Sworn to and subscribed before me
this 7 day of December, 2017.

_____
NOTARY PUBLIC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DELMA COWART, individually and d/b/a STRUCTURES UNLIMITED,<br><br>Plaintiff-Petitioner,<br><br>v.<br><br>NAUTILUS INSURANCE CO., et al.,<br><br>Defendant-Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>) C/A No. 4:17-cv-142-LGW-GRS<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

This is to certify that I have this date served Counsel for all parties with a copy of Plaintiff's Answers to Defendant Nautilus Insurance Company's First Interrogatories and Plaintiff's Responses to Defendant's First Request for Production of Documents by placing a copy of the same in a properly addressed envelope with sufficient postage thereon and depositing the same in the United States Mail, to:

Catherine M. Bolger, Esq.
McCorkle & Johnson, LLP
319 Tattnall Street
Savannah, Georgia 31401
*Attorney for Defendant*
*Audrey Manes*

Philip W. Savrin, Esq.
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
*Attorney for Defendant*
*Nautilus Insurance Company*

This 5 day of December, 2017.

DUFFY & FEEMSTER, LLC

P.O. Box 10144
Savannah, GA 31412
Phone: (912) 236-6311
Fax: (912) 236-6423
Dwight@duffyfeemster.com
Ashley@duffyfeemster.com
CCK@duffyfeemster.com

_____
DWIGHT T. FEEMSTER
Georgia State Bar No. 257253
ASHLEY E. ODOM
Georgia State Bar No. 376093
CAMERON C. KUHLMAN
Georgia State Bar No. 596159
*Attorneys for Plaintiff*