## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| **DELMA COWART, Individually and** | ) | |
| **d/b/a STRUCTURES UNLIMITED,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION FILE NO.** |
| | ) | **4:17-cv-00142-LGW-GRS** |
| **NAUTILUS INSURANCE COMPANY,** | ) | |
| **and AUDREY MANES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANT NAUTILUS INSURANCE COMPANY'S MOTION
### TO STRIKE PLAINTIFF'S RESPONSE TO DEFENDANT
### NAUTILUS INSURANCE COMPANY'S REPLY BRIEF
### IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

COMES NOW, Nautilus Insurance Company ("Nautilus"), a Defendant in the above-referenced case, and files this, its Motion to Strike Plaintiff's Response to Defendant Nautilus Insurance Company's Reply Brief in Support of its Motion for Summary Judgment.

Plaintiff's "response" to Nautilus's reply brief constitutes an unauthorized sur-reply brief in opposition to Nautilus's Motion for Summary Judgment. The Court's Local Rules provide for a brief in support of a motion (LR 7.1(b)), a response brief (LR 7.5) and a reply brief (LR 7.6). The Court's Local Rules do not permit briefs other than those delineated above, and in particular do not permit sur-

reply briefs.   Plaintiff's "response" to Nautilus' Reply Brief in Support of its Motion for Summary Judgment therefore should be stricken and disregarded.

Moreover, Plaintiff's contentions in his sur-reply brief are meritless.   For example, Plaintiff continues to argue that the allegations in the underlying lawsuit constitute an "occurrence." (Doc. 29, at pp. 2, 4). Nautilus has not argued otherwise, but rather has argued that the allegations do not constitute "property damage" caused by an "occurrence," which is a separate inquiry, as explained in Taylor Morrison Servs. v. HDI-Gerling Am. Ins. Co., 293 Ga. 456, 461 & n.10, 746 S.E.2d 587 (2013) upon which Nautilus relies.  Although Plaintiff summarily declares that the underlying lawsuit alleges "property damage" (Doc. 29, at p. 2), Plaintiff still has failed to demonstrate that the underlying lawsuit alleges "property damage" under Taylor Morrison for the reasons stated in its opening brief and its reply brief. (Doc. 28, at pp. 2-4).

Plaintiff also continues to assert that the allegations in the underlying lawsuit do not fall within the j(5) or j(6) exclusions because he merely built the unfinished pool without the required permits. (Doc. 29, at pp. 2-4, 8-9).  However, if the Court concludes that the underlying lawsuit does not seek "property damage" as construed by Taylor Morrison, then it need not resolve whether one or more of the exclusions apply.  See Scottsdale Ins. Co. v. Great Am. Assur. Co., 271 Ga. App. 695, 697, 610 S.E.2d 558, 560 (2005) ("before addressing whether the terms of

2

some exclusion might be applicable, the initial consideration is whether the policy covered the claim. … Since there is no coverage in the first instance, the exception to one of the policy's exclusions has no legal significance") (internal quotation marks omitted).  In any event, as explained in Nautilus's reply brief, Plaintiff admits that he built an unfinished pool on the property that could not be used and needed to be demolished because he did not obtain the required permit and inspections.  *If* the liability claim is one for "property damage," then it would fall squarely within the exclusion for damage to the property that arose out of his operations under the j(5) exclusion and qualifies as "incorrect" work on the pool under the j(6) exclusion.  (Doc. 28, at pp. 4-6).

Plaintiff then contends that Nautilus's characterization of the allegations and damages sought in the underlying lawsuit as "speculative." (Doc. 28, at pp. 5, 9). Yet, Plaintiff still has failed to identify a single allegation in the underlying lawsuit that even arguably brings the claim within coverage under Nautilus's policy.

Finally, Plaintiff contends that his Complaint adequately pleads a bad faith claim under O.C.G.A. § 33-4-6 simply because it includes the phrase "bad faith" and sought attorney's fees.  (Doc. 29, at pp. 6-7, 9).  As discussed in Nautilus's reply brief, however, Plaintiff cannot escape the fact that his Complaint tracks virtually *verbatim* the language in O.C.G.A. § 13-6-11. (Doc. 28, at pp. 10-11). Moreover, Plaintiff failed to comply with the demand requirement set forth in §

3

33-4-6 because his demand letter did not refer to § 33-4-6 or otherwise place Nautilus on notice that Plaintiff would seek penalties under § 33-4-6 if Nautilus did not agree to defend and indemnify him. (Doc. 26-2, at pp. 2-4).  See Primerica Life Ins. Co. v. Humfleet, 217 Ga.App. 770, 771-772, 458 S.E.2d 908 (1995).  In any event, as also discussed in Nautilus's reply brief, Plaintiff has failed to demonstrate that Nautilus's failure to defend or indemnify him in the underlying lawsuit was frivolous or unfounded. (Doc. 28, at pp. 11-13).

Based on the foregoing, the Court should strike Plaintiff's "response" to Nautilus's Reply Brief in Support of its Motion for Summary Judgment, because it constitutes an unauthorized sur-reply brief.  Regardless the arguments contained in Plaintiff's unauthorized sur-reply brief are meritless, and Nautilus's Motion for Summary Judgment should be granted.

Respectfully Submitted,

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*_____
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
William H. Buechner, Jr.
Georgia Bar No. 086392
bbuechner@fmglaw.com
Attorneys for Defendant
Nautilus Insurance Company

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
T:  (770) 818-0000
F:  (770) 937-9960

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| **DELMA COWART, Individually and** | ) | |
| **d/b/a STRUCTURES UNLIMITED,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION FILE NO.** |
| | ) | **4:17-cv-00142-LGW-GRS** |
| **NAUTILUS INSURANCE COMPANY,** | ) | |
| **and AUDREY MANES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **DEFENDANT NAUTILUS INSURANCE COMPANY'S MOTION TO STRIKE PLAINTIFF'S RESPONSE TO DEFENDANT NAUTILUS INSURANCE COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants.  Counsel of record are:

Dwight T. Feemster
Duffy & Feemster, LLC
P.O. Box 10144
Savannah, GA  31412

Catherine M. Bolger
McCorkle & Johnson, LLP
319 Tattnall Street
Savannah, GA 31401

This 16th day of March, 2018.

/s/ Philip W. Savrin
Philip W. Savrin
Georgia Bar No. 627836

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA  30339-5948
T: (770) 818-0000
F: (770) 937-9960